IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLERTONE INNOVATIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 11-1068 (LPS) |
| ) | |
| UNITED STATES CELLULAR ) | **JURY TRIAL DEMANDED** |
| CORPORATION, LIVEWIRE MOBILE INC. ) | |
| and ZED USA, CORP., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT UNITED STATES CELLULAR CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant United States Cellular Corporation ("U.S. Cellular"), by and through its undersigned counsel, as and for its Answer to the Complaint of Plaintiff Callertone Innovations, LLC ("Callertone") states as follows:

**NATURE OF THE ACTION**

1. U.S. Cellular admits that the Complaint purports to allege acts of infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

**THE PARTIES**

2. U.S. Cellular lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3. U.S. Cellular denies the allegations contained in paragraph 3 of the Complaint, except admits that U.S. Cellular is a corporation organized under the laws of Delaware with its principal place of business at 8410 West Bryn Mawr Avenue, Suite 700, Chicago, Illinois 60631, and as such, is a corporate citizen of Delaware.

4. U.S. Cellular lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5. U.S. Cellular lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6. U.S. Cellular denies the allegations contained in paragraph 6 of the Complaint as they pertain to U.S. Cellular, and as to the remaining allegations of this paragraph, it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as they pertain to LiveWire Mobile, Inc. and Zed USA, Corp., except that it admits to receiving services from LiveWire Mobile, Inc. and Zed USA, Corp. concerning ringback tones.

7. U.S. Cellular denies the allegations contained in paragraph 7 of the Complaint as they pertain to U.S. Cellular, and as to the remaining allegations of this paragraph, it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as they pertain to LiveWire Mobile, Inc. and Zed USA, Corp.

## JURISDICTION AND VENUE

8. Admits.

9. Admits.

10. U.S. Cellular denies the allegations contained in paragraph 10 of the Complaint as they pertain to U.S. Cellular, and as to the remaining allegations of this paragraph, it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as they pertain to LiveWire Mobile, Inc. and Zed USA, Corp.

11. U.S. Cellular denies the allegations contained in paragraph 11 of the Complaint as they pertain to U.S. Cellular, and as to the remaining allegations of this paragraph, it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as they pertain to LiveWire Mobile, Inc. and Zed USA, Corp.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,852,995**

12.   U.S. Cellular incorporates by reference its responses to paragraphs 1-11 as if fully set forth herein.

13.   U.S. Cellular lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint, except admits that the Complaint purports to attach a copy of U.S. Patent No. 7,852,995 B2 (the "'995 Patent") as Exhibit C and that the '995 Patent states on its cover page "Method and Apparatus for Selectively Providing Messages in Telecommunications Systems."

14.   U.S. Cellular lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15.   U.S. Cellular denies the allegations contained in paragraph 15 of the Complaint as they pertain to U.S. Cellular, and as to the remaining allegations of this paragraph, it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as they pertain to LiveWire Mobile, Inc. and Zed USA, Corp.

16.   U.S. Cellular denies the allegations contained in paragraph 16 of the Complaint as they pertain to U.S. Cellular, and as to the remaining allegations of this paragraph, it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as they pertain to LiveWire Mobile, Inc. and Zed USA, Corp.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,860,225**

17.   U.S. Cellular incorporates by reference its responses to paragraphs 1-11 as if fully set forth herein.

18.   U.S. Cellular lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint, except admits that

3

the Complaint purports to attach a copy of U.S. Patent No. 7,860,225 B2 (the "'225 Patent") as Exhibit D and that the '225 Patent states on its cover page "Method and Apparatus for Selectively Providing Messages in Telecommunications Systems."

19.     U.S. Cellular lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint.

20.     U.S. Cellular denies the allegations contained in paragraph 20 of the Complaint as they pertain to U.S. Cellular, and as to the remaining allegations of this paragraph, it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as they pertain to LiveWire Mobile, Inc. and Zed USA, Corp.

21.     U.S. Cellular denies the allegations contained in paragraph 21 of the Complaint as they pertain to U.S. Cellular, and as to the remaining allegations of this paragraph, it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as they pertain to LiveWire Mobile, Inc. and Zed USA, Corp.

## PLAINTIFF'S PRAYER FOR RELIEF

U.S. Cellular denies that Callertone is entitled to any relief from the Court, either as prayed for in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

22.     Subject to the responses above, U.S. Cellular asserts the following affirmative defenses to the Complaint.  Assertion of these defenses is not a concession that U.S. Cellular has the burden of proving the matter asserted.  U.S. Cellular reserves the right to assert additional affirmative defenses as they become known through the course of discovery.

### First Affirmative Defense

23.     U.S. Cellular does not infringe and has not infringed (directly or indirectly) and is not liable for infringement of any valid and enforceable claim of the '995 and '225 Patents.

### Second Affirmative Defense

24.     The claims of the '995 and '225 Patents are invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

25.     Callertone's claim for damages, if any, against U.S. Cellular for alleged infringement of the '995 and '225 Patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

### Fourth Affirmative Defense

26.     Callertone is estopped from construing the claims of the '995 and '225 Patents in such a way as to encompass subject matter disclaimed by arguments that it made in order to obtain allowance of the '995 and '225 Patents.

### Fifth Affirmative Defense

27.     Callertone pled no valid basis for finding an exceptional case.

### Sixth Affirmative Defense

28.     Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the '995 or '225 Patents.

### Seventh Affirmative Defense

29.     Callertone's claims are barred in whole or in part by the doctrine of prosecution history estoppel.

### Eighth Affirmative Defense

30. Callertone's Complaint fails to state a claim upon which relief can be granted.

### PRAYER FOR RELIEF

WHEREFORE, U.S. Cellular prays for judgment that:

1. Finds in favor of U.S. Cellular and against Callertone;

2. Dismisses Callertone's Complaint with prejudice;

3. Finds this case is exceptional and awards U.S. Cellular its fees and costs, including attorneys' fees incurred herein;

4. Finds U.S. Cellular has not infringed, either directly or indirectly, any valid and enforceable claims of the '995 and '225 Patents;

5. Finds the '995 and '225 Patents are invalid; and

6. Grants such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*
Mary B. Graham (#2256)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
jtigan@mnat.com
   *Attorneys for United States Cellular Corporation*

OF COUNSEL:

Karen H. Bromberg
Damir Cefo
Maria Granovsky (#4709)
COHEN & GRESSLER LLP
800 Third Avenue
New York, NY 10022
(212) 957-7600

April 9, 2012
5856684.1

6

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 9, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

    I further certify that I caused to be served copies of the foregoing document on April 9, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Stamatios Stamoulis<br>Richard Charles Weinblatt<br>STAMOULIS & WEINBLATT LLC<br>Two Fox Point Centre<br>6 Denny Road, Suite 307<br>Wilmington, DE  19809<br>*Attorneys for Callertone Innovations LLC* | *VIA ELECTRONIC MAIL* |
| W. Bryan Farney<br>Steven R. Daniels<br>Connie E. Merriett<br>FARNEY DANIELS LLP<br>800 South Austin, Suite 200<br>Georgetown, TX  78626-5845<br>*Attorneys for Callertone Innovations LLC* | *VIA ELECTRONIC MAIL* |
| Karen Jacobs Louden<br>Jennifer Ying<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>*Attorneys for ZED USA Corporation* | *VIA ELECTRONIC MAIL* |

                   */s/ Jeremy A. Tigan*

                   Jeremy A. Tigan (#5239)