IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CALLERTONE INNOVATIONS, LLC,          )
                                       )
            Plaintiff,                 )
                                       )
        v.                             )     C.A. No. 11-1068 (LPS)
                                       )
UNITED STATES CELLULAR                 )     **JURY TRIAL DEMANDED**
CORPORATION, LIVEWIRE MOBILE INC.      )
and ZED USA, CORP.,                    )
                                       )
            Defendants.                )

## DEFENDANT LIVEWIRE MOBILE, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant LiveWire Mobile, Inc. ("LiveWire"), by and through its undersigned counsel, as and for its Answer to the Complaint of Plaintiff Callertone Innovations, LLC ("Callertone") states as follows:

### NATURE OF THE ACTION

1.      LiveWire admits that the Complaint purports to allege acts of infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

### THE PARTIES

2.      LiveWire lacks knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint and therefore denies them.

3.      LiveWire lacks knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint and therefore denies them.

4.      LiveWire denies the allegations contained in paragraph 4 of the Complaint, except admits that LiveWire is a corporation organized under the laws of Delaware with its principal place of business at One Monarch Drive, Littleton, Massachusetts 01460, and as such, is a corporate citizen of Delaware.

5.      LiveWire lacks knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint and therefore denies them.

6.      LiveWire denies the allegations contained in paragraph 6 of the Complaint as they pertain to LiveWire, denies the remaining allegations of this paragraph on the ground that it lacks knowledge or information to form a belief as to the truth or falsity of the allegations as they pertain to Zed USA, Corp. and United States Cellular Corporation, except that it admits to provide services to United States Cellular Corporation concerning ringback tones.

7.      LiveWire denies the allegations contained in paragraph 7 of the Complaint as they pertain to LiveWire, and denies the remaining allegations of this paragraph on the ground that it lacks knowledge or information to form a belief as to the truth or falsity of the allegations as they pertain to Zed USA, Corp. and United States Cellular Corporation.

## JURISDICTION AND VENUE

8.      Paragraph 8 of the Complaint states a legal conclusion to which no response is required.

9.      Paragraph 9 of the Complaint states a legal conclusion to which no response is required.

10.     LiveWire denies the allegations contained in paragraph 10 of the Complaint as they pertain to LiveWire, and denies the remaining allegations of this paragraph on the ground that it lacks knowledge or information to form a belief as to the truth or falsity of the allegations as they pertain to Zed USA, Corp. and United States Cellular Corporation.

11.     LiveWire denies the allegations contained in paragraph 11 of the Complaint as they pertain to LiveWire, and denies the remaining allegations of this paragraph on the ground

that it lacks knowledge or information to form a belief as to the truth or falsity of the allegations as they pertain to Zed USA, Corp. and United States Cellular Corporation.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,852,995

12.     LiveWire incorporates by reference its responses to paragraphs 1-11 as if fully set forth herein.

13.     LiveWire lacks knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint and therefore denies them, except admits that the Complaint purports to attach a copy of U.S. Patent No. 7,852,995 B2 (the "'995 Patent") as Exhibit C and that the '995 Patent states on its cover page "Method and Apparatus for Selectively Providing Messages in Telecommunications Systems."

14.     LiveWire lacks knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint and therefore denies them.

15.     LiveWire denies the allegations contained in paragraph 15 of the Complaint as they pertain to LiveWire, and denies the remaining allegations of this paragraph on the ground that it lacks knowledge or information to form a belief as to the truth or falsity of the allegations as they pertain to Zed USA, Corp. and United States Cellular Corporation.

16.     LiveWire denies the allegations contained in paragraph 16 of the Complaint as they pertain to LiveWire, and denies the remaining allegations of this paragraph on the ground that it lacks knowledge or information to form a belief as to the truth or falsity of the allegations as they pertain to Zed USA, Corp. and United States Cellular Corporation.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,860,225

17.     LiveWire incorporates by reference its responses to paragraphs 1-11 as if fully set forth herein.

18.     LiveWire lacks knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint and therefore denies them, except admits that the Complaint purports to attach a copy of U.S. Patent No. 7,860,225 B2 (the "'225 Patent") as Exhibit D and that the '225 Patent states on its cover page "Method and Apparatus for Selectively Providing Messages in Telecommunications Systems."

19.     LiveWire lacks knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint and therefore denies them.

20.     LiveWire denies the allegations contained in paragraph 20 of the Complaint as they pertain to LiveWire, and denies the remaining allegations of this paragraph on the ground that it lacks knowledge or information to form a belief as to the truth or falsity of the allegations as they pertain to Zed USA, Corp. and United States Cellular Corporation.

21.     LiveWire denies the allegations contained in paragraph 21 of the Complaint as they pertain to LiveWire, and denies the remaining allegations of this paragraph on the ground that it lacks knowledge or information to form a belief as to the truth or falsity of the allegations as they pertain to Zed USA, Corp. and United States Cellular Corporation.

## PLAINTIFF'S PRAYER FOR RELIEF

LiveWire denies that Callertone is entitled to any relief from the Court, either as prayed for in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

22.     Subject to the responses above, LiveWire asserts the following affirmative defenses to the Complaint.  Assertion of these defenses is not a concession that LiveWire has the burden of proving the matter asserted.  LiveWire reserves the right to assert additional affirmative defenses as they become known through the course of discovery.

## First Affirmative Defense

23.     LiveWire does not infringe and has not infringed (directly or indirectly) and is not liable for infringement of any valid and enforceable claim of the '995 and '225 Patents.

## Second Affirmative Defense

24.     The claims of the '995 and '225 Patents are invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## Third Affirmative Defense

25.     Callertone's claim for damages, if any, against LiveWire for alleged infringement of the '995 and '225 Patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

## Fourth Affirmative Defense

26.     Callertone is estopped from construing the claims of the '995 and '225 Patents in such a way as to encompass subject matter disclaimed by arguments that it made in order to obtain allowance of the '995 and '225 Patents.

## Fifth Affirmative Defense

27.     Callertone pled no valid basis for finding an exceptional case.

## Sixth Affirmative Defense

28.     Callertone's claims are barred in whole or in part by the doctrine of prosecution history estoppel.

## Seventh Affirmative Defense

29.     Callertone's Complaint fails to state a claim upon which relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, LiveWire prays for judgment that:

1.    Finds in favor of LiveWire and against Callertone;

2.    Dismisses Callertone's Complaint with prejudice;

3.    Finds this case is exceptional and awards LiveWire its fees and costs, including attorneys' fees incurred herein;

4.    Finds LiveWire has not infringed, either directly or indirectly, any valid and enforceable claims of the '995 and '225 Patents;

5.    Finds the '995 and '225 Patents are invalid; and

6.    Grants such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*
Mary B. Graham (#2256)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
jtigan@mnat.com
*Attorneys for LiveWire Mobile, Inc.*

OF COUNSEL:

Karen H. Bromberg
Francisco A. Villegas
Damir Cefo
Maria Granovsky (#4709)
COHEN & GRESSLER LLP
800 Third Avenue
New York, NY  10022
(212) 957-7600

April 9, 2012
5856806.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused to be served copies of the foregoing document on April 9, 2012, upon the following in the manner indicated:

Stamatios Stamoulis                                             *VIA ELECTRONIC MAIL*
Richard Charles Weinblatt
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE  19809
*Attorneys for Callertone Innovations LLC*

W. Bryan Farney                                                 *VIA ELECTRONIC MAIL*
Steven R. Daniels
Connie E. Merriett
FARNEY DANIELS LLP
800 South Austin, Suite 200
Georgetown, TX  78626-5845
*Attorneys for Callertone Innovations LLC*

Karen Jacobs Louden                                             *VIA ELECTRONIC MAIL*
Jennifer Ying
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
*Attorneys for ZED USA Corporation*


/s/ *Jeremy A. Tigan*
_____
Jeremy A. Tigan (#5239)