IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CALLERTONE INNOVATIONS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 11-1068 (LPS) |
| ) | |
| UNITED STATES CELLULAR ) | **JURY TRIAL DEMANDED** |
| CORPORATION, LIVEWIRE MOBILE INC. ) | |
| and ZED USA CORP. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT ZED USA, CORP.'S
### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Zed USA Corp. ("Zed"), by and through its undersigned counsel, as and for its Answer to the Complaint of Plaintiff Callertone Innovations, LLC ("Callertone") states as follows:

### NATURE OF THE ACTION

1. Zed admits that the Complaint purports to allege acts of infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

### THE PARTIES

2. Zed lacks knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 2 of the Complaint and therefore denies them.

3. Zed lacks knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 3 of the Complaint and therefore denies them.

4. Zed lacks knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 4 of the Complaint and therefore denies them.

5. Zed denies the allegations of paragraph 5 of the Complaint, except admits that Zed is a corporation organized under the laws of Florida with its principal place of business at 100 Marine Parkway, Suite 350, Redwood City, California 94065.

6. Zed denies the allegations contained in paragraph 6 of the Complaint as they pertain to Zed, and denies the remaining allegations of this paragraph on the ground that it lacks knowledge or information to form a belief as to the truth or falsity of the allegations as they pertain to LiveWire Mobile, Inc. and United States Cellular Corporation.

7. Zed denies the allegations contained in paragraph 7 of the Complaint as they pertain to Zed, and denies the remaining allegations of this paragraph on the ground that it lacks knowledge or information to form a belief as to the truth or falsity of the allegations as they pertain to LiveWire Mobile, Inc. and United States Cellular Corporation.

## JURISDICTION AND VENUE

8. Paragraph 8 of the Complaint states a legal conclusion to which no response is required.

9. Paragraph 9 of the Complaint states a legal conclusion to which no response is required.

10. Zed denies the allegations of paragraph 10 of the Complaint as they pertain to Zed, and denies the remaining allegations of this paragraph on the ground that it lacks knowledge or information to form a belief as to the truth or falsity of the allegations as they pertain to LiveWire Mobile, Inc. and United States Cellular Corporation.

11. Zed denies the allegations of paragraph 11 of the Complaint as they pertain to Zed, and denies the remaining allegations of this paragraph on the ground that it lacks knowledge

or information to form a belief as to the truth or falsity of the allegations as they pertain to LiveWire Mobile, Inc. and United States Cellular Corporation.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,852,995

12.  Zed incorporates by reference its responses to paragraphs 1-11 as if fully set forth herein.

13.  Zed lacks knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 13 of the Complaint and therefore denies them, except admits that the Complaint purports to attach a copy of U.S. Patent No. 7,852,995 B2 (the "'995 Patent") as Exhibit C and that the '995 Patent states on its cover page "Method and Apparatus for Selectively Providing Messages in Telecommunications Systems."

14.  Zed lacks knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 14 of the Complaint and therefore denies them.

15.  Zed denies the allegations of paragraph 15 of the Complaint as they pertain to Zed, and denies the remaining allegations of this paragraph on the ground that it lacks knowledge or information to form a belief as to the truth or falsity of the allegations as they pertain to LiveWire Mobile, Inc. and United States Cellular Corporation.

16.  Zed denies the allegations of paragraph 16 of the Complaint as they pertain to Zed, and denies the remaining allegations of this paragraph on the ground that it lacks knowledge or information to form a belief as to the truth or falsity of the allegations as they pertain to LiveWire Mobile, Inc. and United States Cellular Corporation.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,860,225

17.  Zed incorporates by reference its responses to paragraphs 1-11 as if fully set forth herein.

18. Zed lacks knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 18 of the Complaint and therefore denies them, except admits that the Complaint purports to attach a copy of U.S. Patent No. 7,860,225 B2 (the "'225 Patent") as Exhibit D and that the '225 Patent states on its cover page "Method and Apparatus for Selectively Providing Messages in Telecommunications Systems."

19. Zed lacks knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 19 of the Complaint and therefore denies them.

20. Zed denies the allegations of paragraph 20 of the Complaint as they pertain to Zed, and denies the remaining allegations of this paragraph on the ground that it lacks knowledge or information to form a belief as to the truth or falsity of the allegations as they pertain to LiveWire Mobile, Inc. and United States Cellular Corporation.

21. Zed denies the allegations of paragraph 21 of the Complaint as they pertain to Zed, and denies the remaining allegations of this paragraph on the ground that it lacks knowledge or information to form a belief as to the truth or falsity of the allegations as they pertain to LiveWire Mobile, Inc. and United States Cellular Corporation.

## PLAINTIFF'S PRAYER FOR RELIEF

Zed denies that Callertone is entitled to any relief from the Court, either as prayed for in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

22. Subject to the responses above, Zed asserts the following affirmative defenses to the Complaint. Assertion of these defenses is not a concession that Zed has the burden of proving the matter asserted. Zed reserves the right to assert additional affirmative defenses as they become known through the course of discovery.

### First Affirmative Defense

23. Zed does not infringe and has not infringed (directly or indirectly) and is not liable for infringement of any valid and enforceable claim of the '995 and '225 Patents.

### Second Affirmative Defense

24. The claims of the '995 and '225 Patents are invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

25. Callertone's claim for damages, if any, against Zed for alleged infringement of the '995 and '225 Patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

### Fourth Affirmative Defense

26. Callertone is estopped from construing the claims of the '995 and '225 Patents in such a way as to encompass subject matter disclaimed by arguments that it made in order to obtain allowance of the '995 and '225 Patents.

### Fifth Affirmative Defense

27. Callertone pled no valid basis for finding an exceptional case.

### Sixth Affirmative Defense

28. Callertone's claims are barred in whole or in part by the doctrine of prosecution history estoppel.

### Seventh Affirmative Defense

29. Callertone's Complaint fails to state a claim upon which relief can be granted.

## **PRAYER FOR RELIEF**

WHEREFORE, Zed prays for judgment that:

1. Finds in favor of Zed and against Callertone;

2. Dismisses Callertone's Complaint with prejudice;

3. Finds this case is exceptional and awards Zed its fees and costs, including attorneys' fees incurred herein;

4. Finds Zed has not infringed, either directly or indirectly, any valid and enforceable claims of the '995 and '225 Patents;

5. Finds the '995 and '225 Patents are invalid; and

6. Grants such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*
Mary B. Graham (#2256)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com

OF COUNSEL:    jtigan@mnat.com
  *Attorneys for Defendant*
Karen H. Bromberg    *Zed USA Corp.*
Francisco A. Villegas
Damir Cefo
Maria Granovsky (#4709)
COHEN & GRESSER LLP
800 Third Avenue
New York, New York 10022
(212) 957-7600

May 7, 2012
5910425

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused to be served copies of the foregoing document on May 7, 2012, upon the following in the manner indicated:

Stamatios Stamoulis                                                           *VIA ELECTRONIC MAIL*
Richard Charles Weinblatt
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE  19809
*Attorneys for Callertone Innovations LLC*

W. Bryan Farney                                                                *VIA ELECTRONIC MAIL*
Steven R. Daniels
Connie E. Merriett
FARNEY DANIELS LLP
800 South Austin, Suite 200
Georgetown, TX  78626-5845
*Attorneys for Callertone Innovations LLC*


                                                                                */s/ Jeremy A. Tigan*

                                                                                Jeremy A. Tigan (#5239)