IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CALLERTONE INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 1:11-cv-0996-LPS |
| v. | § § | |
| AT&T MOBILITY, LLC, | § § | |
| Defendant. | § § § | |

| | | |
|---|---|---|
| CALLERTONE INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 1:11-cv-1033-LPS |
| v. | § § | |
| ALLTEL CORPORATION, | § § § | |
| Defendant. | § | |

| | | |
|---|---|---|
| CALLERTONE INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 1:11-cv-1034-LPS |
| v. | § § § | |
| BOOST MOBILE, LLC, | § § | |
| Defendant. | § | |

| | | |
|---|---|---|
| CALLERTONE INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 1:11-cv-1066-LPS |
| v. | § § § | |
| CLEARSKY MOBILE MEDIA, INC., | § § | |
| Defendant. | § | |

1

| | | |
|---|---|---|
| CALLERTONE INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 1:11-cv-1099-LPS |
| v. | § § | |
| CRICKET COMMUNICATIONS, INC. and LEAP WIRELESS INTERNATIONAL, INC., | § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| CALLERTONE INNOVATIONS, LLC, | § § | |
| Plaintiff, | § § | Civil Action No. 1:11-cv-1067-LPS |
| v. | § § § | |
| METROPCS WIRELESS, INC., and METROPCS COMMUNICATIONS, INC. | § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| CALLERTONE INNOVATIONS, LLC, | § § | |
| Plaintiff, | § § | Civil Action No. 1:11-cv-1039-LPS |
| v. | § § | |
| SPRINT NEXTEL CORPORATION, | § § | |
| Defendant. | § | |

| | | |
|---|---|---|
| CALLERTONE INNOVATIONS, LLC, | § § | |
| Plaintiff, | § § | Civil Action No. 1:11-cv-1035-LPS |
| v. | § § | |
| T-MOBILE USA, INC., | § § | |
| Defendant. | § | |

2

| | |
|---|---|
| CALLERTONE INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES CELLULAR<br>CORPORATION, LIVEWIRE MOBILE, INC.<br>and ZED USA, CORP.,<br><br>    Defendants. | §<br>§<br>§<br>§ Civil Action No. 1:11-cv-1068-LPS<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| CALLERTONE INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON<br>WIRELESS,<br><br>    Defendant. | §<br>§<br>§<br>§ Civil Action No. 1:11-cv-1036-LPS<br>§<br>§<br>§<br>§<br>§<br>§ |
| CALLERTONE INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>VIRGIN MOBILE USA, INC. and<br>VIRGIN MOBILE USA, L.P.,<br><br>    Defendants. | §<br>§<br>§<br>§ Civil Action No. 1:11-cv-1044-LPS<br>§<br>§<br>§<br>§<br>§<br>§ |

## **SCHEDULING ORDER**

This 15th day of October, 2012, the Court having consulted with the parties' attorneys and received a joint proposed scheduling order, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

3

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within thirty (30) days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>.

All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **May 21, 2013** [~~Defendants propose adding~~: except for motions to amend to add allegations of inequitable conduct, which shall be filed on or before October 2, 2013]. *(LPS)*

3. <u>Discovery</u>. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

   a. <u>Fact Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before **December 3, 2013**.

   b. <u>Initial Identification of Asserted Claims and Accused Products.</u> Within 45 days of the date of this Order and for each defendant, Callertone shall preliminarily identify the accused products[1] and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

   c. <u>Production of Core Technical Documents.</u> Within 90 days from the date of this Order, each defendant shall produce to Callertone the core technical documents related to

---

[1] For ease of reference, the word "product" encompasses accused methods and systems as well.

4

the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

        d.      <u>Initial Infringement Contentions.</u> Within 135 days from the date of this Order, Callertone shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

        e.      <u>Initial Invalidity Contentions.</u> Within 180 days from the date of this Order, each defendant shall produce to Callertone its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

        f.      <u>Follow-up Discovery.</u> Absent a showing of good cause, follow-up discovery shall be limited to a term of 6 years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

        g.  <u>Document Production.</u>

Document production shall be substantially complete by **<u>June 14, 2013</u>**.

        h.  <u>Requests for Admission.</u>

        i.      A maximum of 50 requests for admission are permitted by each party[2] to any other party (excluding requests related to authenticity of documents or things).

---

[2] A "party" means Callertone and each defendant in each respective case, except that: (1) Cricket Communications, Inc. and Leap Wireless International, Inc. shall be treated as a single defendant party, (2) MetroPCS Wireless and MetroPCS Communications shall be treated as a single defendant party, (3) Sprint Nextel Corporation, Boost LLC, Virgin Mobile USA, Inc., and Virgin Mobile USA, L.P. (collectively, the "Sprint Group") shall be treated as a single defendant party; and (4) Cellco Partnership d/b/a Verizon Wireless and Alltel Corporation (collectively, the "Verizon Group") shall be treated as a single defendant party. Callertone reserves the right to

i. Interrogatories.

ii. Each party is permitted a maximum of **25** interrogatories to any other party. Leave to serve additional interrogatories may be granted to the extent consistent with Federal Rule of Civil Procedure 26(b)(2).

iii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides: i.e., the more detail a party provides, the more detail a party shall receive.

j. Depositions.

i. Limitation on Hours for Deposition Discovery. Callertone may take up to 140 total hours of Rule 30(b)(6) and/or Rule 30(b)(1) depositions of Defendants collectively, and no more than 40 hours of Rule 30(b)(6) and/or Rule 30(b)(1) depositions per defendant party. Defendants may collectively take up to 100 hours of Rule 30(b)(6) and/or Rule 30(b)(1) depositions of Callertone. Defendants shall coordinate depositions to reduce redundancy and inconvenience to the parties, but each defendant party reserves the right to take its own deposition in each separate case as prescribed by Fed. R. Civ. P. 30, and the number of total deposition hours allotted to Defendants includes the time for such depositions. Callertone and Defendants, collectively, may each take up to 140 hours of third party depositions. [Defendants propose adding this sentence:] All depositions will be subject to the presumptive 

seek additional deposition hours from the Sprint Group or the Verizon Group, respectively, to the extent it becomes necessary due to any differences in the accused products or services of the entities within each respective group or in order to determine revenue or proceeds received by any of the entities within each respective group.

limit of 1 day and 7 hours under Rule 30, except that depositions of an inventor of a patent-in-suit and a 30(b)(6) deposition of Callertone shall be subject to a presumptive limit of 3 days and 21 hours, and any depositions that are agreed to be concurrently taken by multiple defendant parties in different cases will be subject to the duration agreed to by those parties.] The foregoing limitations do not apply to depositions of experts. The foregoing limitations are without prejudice to the right of plaintiff or the defendants to request additional hours from the Court for good cause shown or for the parties to agree to additional deposition testimony.

        ii.    Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties, with the presumption that the deposition will take place at a location near the witness.

  k. Disclosure of Expert Testimony.

        i.    Close of Expert Discovery. All expert discovery shall be completed on or before **60 days (or the closest business day thereafter) after service of reply expert reports.**

        ii.    Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **30 days (or the closest business day thereafter) after the Court issues a *Markman* order.** The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **45 days (or the closest business day thereafter) after receipt of the initial Rule 26(a)(2) disclosure of expert testimony.** Reply expert reports from the party with the initial burden of proof are due on or before **30 days (or the closest business**

7

**day thereafter) after receipt of the supplemental disclosure to contradict or rebut evidence on the same matter identified by another party**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

        iii.        Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

        l.        Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact chambers at (302) 573-4571 to schedule a telephone conference. On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

If a discovery related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

   4.  <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within forty-five (45) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(l) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

   5.  <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

9

6. <u>Courtesy Copies</u>. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

8. <u>Interim Status Report</u>. On **June 20, 2013**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes. The tutorial should focus on the technology in issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than **the date on which the answering claim construction briefs are due**. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **May 7, 2013**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed

10

with the Court. Subsequent to exchanging that list, the parties will meet and confer **and exchange a list of proposed constructions for each claim term(s)/phrase(s) identified as needing construction by any party on May 21, 2013. The parties will then** prepare a Joint Claim Construction Chart to be submitted on **May 30, 2013**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

11. Claim Construction Briefing.

The parties shall contemporaneously submit initial briefs on claim construction issues on **July 9, 2013**. The parties' answering/responsive briefs shall be contemporaneously submitted on **August 7, 2013**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.

The parties shall meet and confer by **May 21, 2013** to discuss the above framework for briefing, including any limits on the number of claim terms to be construed and appropriate page limits for briefing. The parties shall submit a joint proposal to the Court in the form of a stipulation and proposed order by no later than **June 9, 2013**.

12. Hearing on Claim Construction.

Beginning at 10 a.m. on **September 6, 2013**, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to

11

present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

13. <u>Case Dispositive Motions</u>.

All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **45 days (or closest business day thereafter) after the completion of expert discovery**. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each party will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed.

14. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Status Conference</u>. On ~~late July     , 2014~~ TBD, the court will hold a conference with counsel beginning at ___ a.m. / p.m. to discuss the status of the case, including the manner in which it will be tried and the order and length of trials for different defendants. Any party wishing to address issues of presentation may do so in a short letter (not longer than three pages) filed not later than one week before the conference. The parties shall meet and confer no later than one week prior to their submissions.

16. <u>Pretrial Conference</u>. On a date and time to be determined, the Court will hold a pretrial conference in Court with counsel. Unless otherwise ordered by the Court, the parties

12

should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order **no later than seven days before the date of the final pretrial conference.** Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

17. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

18. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied

13

by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

19. <u>Trial</u>.  The Court will determine at a later date the structure and number of trials in this action.  The first trial is scheduled for a **<u>five (5) day trial</u>** beginning at 9:30 a.m. on a date to be determined, with the subsequent trial days beginning at 9:00 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES DISTRICT JUDGE
