**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CALLERTONE INNOVATIONS, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:11-cv-0996-LPS |
| AT&T MOBILITY, LLC, | : | |
| Defendant. | : | |
| CALLERTONE INNOVATIONS, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:11-cv-1033-LPS |
| ALLTEL CORPORATION, | : | |
| Defendant. | : | |
| CALLERTONE INNOVATIONS, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:11-cv-1034-LPS |
| BOOST MOBILE, LLC, | : | |
| Defendant. | : | |
| CALLERTONE INNOVATIONS, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:11-cv-1066-LPS |
| CLEARSKY MOBILE MEDIA, INC., | : | |
| Defendant. | : | |

| | |
|---|---|
| CALLERTONE INNOVATIONS, LLC, | : |
| | : |
|     Plaintiff, | : |
| | : |
|     v. | : Civil Action No. 1:11-cv-1099-LPS |
| | : |
| CRICKET COMMUNICATIONS, INC. and | : |
| LEAP WIRELESS INTERNATIONAL, INC., | : |
| | : |
|     Defendants. | : |
| _____ | : |
| CALLERTONE INNOVATIONS, LLC, | : |
| | : |
|     Plaintiff, | : |
| | : |
|     v. | : Civil Action No. 1:11-cv-1067-LPS |
| | : |
| METROPCS WIRELESS, INC., and | : |
| METROPCS COMMUNICATIONS, INC. | : |
| | : |
|     Defendants. | : |
| _____ | : |
| CALLERTONE INNOVATIONS, LLC, | : |
| | : |
|     Plaintiff, | : |
| | : |
|     v. | : Civil Action No. 1:11-cv-1039-LPS |
| | : |
| SPRINT NEXTEL CORPORATION, | : |
| | : |
|     Defendant. | : |
| _____ | : |
| CALLERTONE INNOVATIONS, LLC, | : |
| | : |
|     Plaintiff, | : |
| | : |
|     v. | : Civil Action No. 1:11-cv-1035-LPS |
| | : |
| T-MOBILE USA, INC., | : |
| | : |
|     Defendant. | : |
| _____ | : |

| | | |
|---|---|---|
| CALLERTONE INNOVATIONS, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:11-cv-1068-LPS |
| UNITED STATES CELLULAR CORPORATION, LIVEWIRE MOBILE, INC. and ZED USA, CORP., | : | |
| Defendants. | : | |
| CALLERTONE INNOVATIONS, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:11-cv-1036-LPS |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, | : | |
| Defendant. | : | |
| CALLERTONE INNOVATIONS, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:11-cv-1044-LPS |
| VIRGIN MOBILE USA, INC. and VIRGIN MOBILE USA, L.P., | : | |
| Defendants. | : | |

## ORDER SCHEDULING ADR TELECONFERENCE

At Wilmington this **16th** day of **October, 2012**.

IT IS ORDERED that a teleconference has been scheduled for **Tuesday, October 23, 2012 at 11:00 a.m. Eastern Time** with Magistrate Judge Thynge to discuss

the scheduling of, the procedures involved, and the types of alternative dispute resolutions available, including mediation.  **Counsel for Callertone shall initiate the teleconference call to 302-573-6173.**  On or before **Friday, October 19, 2012 by 12:00 Noon,** all counsel shall provide counsel for Callertone a list of the participants to the teleconference which must also include who they represent.  In turn, counsel for Callertone shall fax the list to Judge Thynge's Chambers by **no later than 4:00 p.m.**  Judge Thynge's fax number is 302-573-6445.

IT IS FURTHER ORDERED that counsel and the parties are required to review and be prepared to discuss during the teleconference the attached "Teleconference Preparation Requirements" and the "Order Governing Mediation Conferences and Mediation Statements," a copy of which is posted under Magistrate Judge Thynge's Forms on the Court's website. Counsel shall advise the Court during the teleconference of any proposed modifications to that Order.

IT IS FURTHER ORDERED that any communication regarding mediation/ADR in this matter must be made to Judge Thynge's chambers, and any such communication, including, but not limited to the scheduling or rescheduling of teleconference or mediation dates, is **not** to be efiled or docketed.  Such communications must be made through letters delivered to the Clerk's Office for Judge Thynge's Chambers, by fax to Chambers or by email to Judge Thynge **and** Cathleen Kennedy, unless directed or ordered otherwise.

Local counsel are reminded of their obligations to inform out-of-state counsel of this Order.  To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

                <u>/s/ Mary Pat Thynge</u>
                UNITED STATES MAGISTRATE JUDGE

## **TELECONFERENCE PREPARATION REQUIREMENTS**

The following are some areas that the Court will focus upon during the teleconference, if applicable. Counsel are required to be prepared to discuss these areas and shall advise the Court of other issues that may affect ADR.

1. The parties' interest in ADR and the type of ADR (e.g., mediation; arbitration, binding or non-binding, with or without high/low; neutral evaluation; summary or mini bench or jury proceeding).

2. The timing of any ADR process.

3. The availability of counsel, the parties and/or their decision makers.

4. The length of time needed for the scheduled ADR process (e.g., more than one day).

5. The identities of any non-parties who have an interest or influence on the outcome of the litigation, and whether they were notified by counsel or the parties of the teleconference. For example, such non-parties would include health care or workers' compensation lienholders, excess carriers, or unsecured creditors in bankruptcy adversary proceedings. **Note:** If any non-party's interest would likely prevent a resolution if not a participant in the selected ADR process, or whom counsel or a party feels may be necessary for an effective ADR process to occur, then counsel or the party **shall advise** the non-party or its representative of the date and time of the teleconference and their required participation.

6. Any ancillary litigation pending/planned which could affect the ADR process in this case, including companion cases filed in this Court or other courts, and arbitration proceedings.

7. Previous efforts, if any, by the parties or their counsel to resolve this matter.

8. The identification of any outstanding liens, the amounts verified, and whether the liens are negotiable or limited by governmental regulations or statutes (federal, state or local).

9. The identification of other information required to appropriately and reasonably value this matter prior to the ADR process selected.  If the information will not be available or completed by the time of the teleconference, counsel shall have an understanding of the type of information, reports, data and necessary discovery before ADR should occur.

10. The Court's Form Order Governing Mediation Conferences and Mediation Statements.