**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CALLERTONE INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | C.A. No. 11-1034-LPS |
| v. | § § | |
| BOOST MOBILE, LLC, | § § | |
| Defendant. | § | |

| | | |
|---|---|---|
| CALLERTONE INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | C.A. No. 11-1099-LPS |
| v. | § § | |
| CRICKET COMMUNICATIONS, INC. and LEAP WIRELESS INTERNATIONAL, INC., | § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| CALLERTONE INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | C.A. No. 11-1067-LPS |
| v. | § § | |
| METROPCS WIRELESS, INC., and METROPCS COMMUNICATIONS, INC. | § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| CALLERTONE INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | C.A. No. 11-1039-LPS |
| v. | § § | |
| SPRINT NEXTEL CORPORATION, | § § | |
| Defendant. | § § | |

| | | |
|---|---|---|
| CALLERTONE INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | C.A. No. 11-1035-LPS |
| v. | § § | |
| T-MOBILE USA, INC., | § § | |
| Defendant. | § § | |

| | | |
|---|---|---|
| CALLERTONE INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | C.A. No. 11-1068-LPS |
| v. | § § | |
| UNITED STATES CELLULAR CORPORATION, LIVEWIRE MOBILE, INC. and ZED USA CORP., | § § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| CALLERTONE INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | C.A. No. 11-1036-LPS |
| v. | § § | |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS and ALLTEL CORPORATION, | § § § § | |
| Defendants. | § § | |

| | |
|---|---|
| CALLERTONE INNOVATIONS, LLC, | § |
| | § |
| Plaintiff, | § |
| | § C.A. No. 11-1044-LPS |
| v. | § |
| | § |
| VIRGIN MOBILE USA, INC. and | § |
| VIRGIN MOBILE USA, L.P., | § |
| | § |
| Defendants. | § |

**DEFENDANTS' OBJECTIONS TO CALLERTONE'S TECHNOLOGY TUTORIAL**

SEITZ ROSS ARONSTRAM & MORITZ LLP
Collins J. Seitz Jr. (#2237)
David E. Ross (#5228)
Benjamin J. Schladweiler (#4601)
100 S. West Street, Suite 400
Wilmington, DE 19801
(302) 576-1600
cseitz@seitzross.com
dross@seitzross.com
bschladweiler@seitzross.com

*Attorneys for Defendants Cellco Partnership d/b/a Verizon Wireless and Alltel Corporation*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs Louden (#2881)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
klouden@mnat.com
jying@mnat.com

*Attorneys for Defendants Sprint Nextel Corporation, Boost Mobile, LLC, Virgin Mobile USA, Inc., and Virgin Mobile USA, L.P.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
Jeremy Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mbgefiling@mnat.com
jtigan@mnat.com

*Attorneys for Defendants Cricket Communications, Inc., Leap Wireless International, Inc., United States Cellular Corporation, Livewire Mobile, Inc., and ZED USA Corp*

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Anne Shea Gaza (#4093)
James L. Higgins (#5021)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
jhiggins@ycst.com

*Attorneys for Defendant T-Mobile USA, Inc. and Defendants T-Mobile USA, Inc. (formerly MetroPCS Wireless, Inc.) and T-Mobile US, Inc. (formerly MetroPCS Communications, Inc.)*

Dated: August 7, 2013

Pursuant to Paragraph 9 of the Court's Scheduling Order of October 15, 2012, as amended, each of Defendants Alltel Corporation; Boost Mobile, LLC; Cellco Partnership d/b/a Verizon Wireless; Cricket Communications, Inc.; Leap Wireless International, Inc.; LiveWire Mobile, Inc.; MetroPCS Wireless, Inc.; MetroPCS Communications, Inc.; Sprint Nextel Corporation; T-Mobile USA, Inc.; Virgin Mobile USA Inc.; Virgin Mobile USA, L.P.; United States Cellular Corporation; and Zed USA Corp. (collectively, "Defendants") hereby object to the technology tutorial submitted by Plaintiff Callertone Innovations LLC ("Plaintiff" or "Callertone").

Rather than discuss the specification and background of the invention, Callertone "walks through" the limitations of one of the patent claims to make improper claim construction arguments in the guise of a technology tutorial. Furthermore, Callertone's characterizations of the specification claim limitations often are misleading and incorrect, sometimes directly contradicting meanings to which Callertone has stipulated.

Moreover, by focusing on one claim of one of the asserted patents, Callertone's presentation misleadingly implies that the claims of both patents generally operate the same way and have the same requirements, which they do not. As a result, several specifics from the tutorial are relevant only to claim 1 of the '995 patent and do not apply to the '225 patent.

Defendants specifically note the following mischaracterizations and improper arguments:

| Location in Plaintiff Tutorial | Items for Objection or Comment | Defendants' Response |
| --- | --- | --- |
| Chapter 4 – Prior Art (PDF p. 11)[1] | The audio states, "This standard prior art system, while effective, generally offers users little or no choice as to what | Objection: Mischaracterizes the patents-in-suit and their prosecution histories. The patents and prosecution history explicitly recognized that prior art systems offered users a choice as to what audio message is sent during the time ring backs would normally play to the caller. (*See,* |

---

[1] Callertone submitted its tutorial as a Flash presentation with six "chapter" audio files, as well an Adobe PDF with 41 pages. For their objections and comments, Defendants will refer to the chapter as well as the related page in the PDF file, and, where needed, time stamps for the audio.

01:13985037.1

1

| Location in Plaintiff Tutorial | Items for Objection or Comment | Defendants' Response |
|---|---|---|
| | audio message is played to each recipient" | *e.g.,* Ex. D-7 to Defendants' Opening Claim Construction Brief, Aug. 23, 2005, Response at 12 [discussing U.S. Patent No. 5,557,658 to Gregorek et al. ("Gregorek '658")]; Gregorek '658, Abstract.) Moreover, the patents themselves note that prior art systems such as Sleevi allowed playing advertisements during the ringback period specific to the calling party's number and customizable by other criteria such as date and time. (*See, e.g.,* '995 pat., 1:48-57.) |
| Chapter 5 – The '995 Patent – Figure 1 (PDF p. 13) | The audio states, "callers, i.e., the source of a communication" | Objection: The parties stipulated that the source of the communication is equipment that originates a call, not callers themselves. (*See* D.I. 37, Ex A at 1 [agreeing that "source of the communication" means "a calling party's equipment from which a communication originates"].) |
| Chapter 5 – The '995 Patent – Figure 1 (PDF p. 15) | The audio states, "The field is generally telecommunications and the primary embodiment or application is advertising." | Objection: Mischaracterizes the patents-in-suit. What the patent actually states is that "the present invention"—and not just an embodiment—relates "to method and system for telecommunications advertising." (*See* '995 pat., 1:21-23; Deft. Op. Br. at 8-10.) This is a meaningful difference, because describing "the invention" as advertising limits the scope of the claims accordingly. (*Id.*) |
| Chapter 5 – The '995 Patent – Figure 1 (PDF p. 19) | The tutorial audio characterizes the types of messages shown as alternatives to advertisements. | Objection: Mischaracterizes the patents-in-suit. In fact, the patent states that all of these types of messages are **advertisements**: "For example, **the advertisement** may be an audio advertisement, it may be a jingle, a textual message, a video message, a graphic message, or a combination of these messages…." ('995 pat., 7:36-39 [emphasis added].) |
| Chapter 5 – The '995 Patent – Figure 1 (PDF p. 20) | Implies that a message is not an advertisement | Objection: Mischaracterizes the patent and presents text out of context. The patent says that such a message "comprises," that is, "includes" billing information; in context, it is clear that the quoted text is an advertisement that may include billing information. Plaintiff |

| Location in Plaintiff Tutorial | Items for Objection or Comment | Defendants' Response |
|---|---|---|
| | | selectively quotes '995 pat., 9:55-59, but fails to quote the beginning of that paragraph, which states, "MSC 412, or a standalone processing means in implementations that include one, **selectively associates advertisements in advertisement database** 418 based on, for example, information related to the caller, or source of the call, and/or the destination." ('995 pat., 9:48-52 [emphasis added].)  In the context of that paragraph, the specification notes that the advertising message can comprise billing information.  (*See id.,* 9:55-59.) |
| Chapter 5 – The '995 Patent – Figure 1 (PDF pp. 24 - 27).<br><br>All associated audio from time stamps 2:35 to 3:38 in Chapter 5 and the text shown on PDFs 24-27. | Shows table associating specific phone number with audio file as meeting classification limitation highlighted to the right.  Audio and subsequent patent citations in PDF pp. 24 – 27. | Objection: Improperly conflates two different claim requirements.<br><br>Claim 1 of the '995 patent has two different requirements: (i) to "classify" a communication based on the source, and (ii) to make an "association" between a message with a source.  Limitation 1[d] specifically requires "selecting an audio message based on the classification **and** based on the association between the source and the selected audio message" (emphasis added).[2]  These are two distinct requirements.  The classification is the act of putting an incoming communication in a group (*i.e.*, class) based on, for example, at least one of an area code and a telephone number, as stated in limitation 1[c].  **Separately**, the claim requires that there be an association by a user between a source and an audio message.  The table look-up shown in the tutorial and the related specification citation are misleadingly presented as examples of classification.  The table actually shows an association between a telephone number and an audio file, which is a |

---

[2] As stated in Defendants' initial comment and objection, the tutorial's focus on the '995 patent is not applicable to the '225 patent claims.  The footnoted limitation is one example in which the '995 patent and the '225 patent differ.  Claim 1 of the '995 patent performs a classification of a source and also an association of a source with a message.  In contrast, the claims of the '225 patent perform a classification of a source and then associate a message with the classification and not with the source itself. (*Compare* '995 patent claim 1 *with* '225 patent claim 1.)

01:13985037.1

3

| Location in Plaintiff Tutorial | Items for Objection or Comment | Defendants' Response |
|---|---|---|
| | | different, distinct claim requirement.<br><br>This objectionable conflation of classification with the independent requirement of association continues in all audio and related citations to the '995 patent specification discussed in the audio of Chapter 5 beginning at 2 min., 35 sec. and ending at 3 min., 38 sec. |
| Chapter 5 – The '995 Patent – Figure 1 (PDF p. 24) | The audio states, "For example, a user can select that a certain caller receive a specific audio file such as a song clip" | This audio is objectionable in two ways: (i) it again conflates the association of a source with a message with classification, which is a different claim requirement (as discussed above), and (ii) it improperly asserts that the patent refers to "a song clip" as a message, which is wholly unsupported and incorrect. Neither the word "song" nor the phrase "song clip" is ever used in the patents-in-suit. On the contrary, the patents extensively use the words "message" and "advertisement" interchangeably, as discussed in the Defendants' claim construction briefs. Here, Callertone engages in improper argument instead of providing background tutorial information. |
| Chapter 5 – The '995 Patent – Figure 1 (PDF p. 20) | The tutorial audio represents that the claimed classification example includes "identity of the call recipient." | Objection: Mischaracterizes the patent text and contradicts a stipulation of the parties. The cited patent language states that example criteria for associating advertisement can include "the destination 112 of communication 108." ('995 pat., 6:58-59.) The parties stipulated that this refers to the equipment receiving the call, not the called party. (*See* D.I. 37, Ex. A at 1 [agreeing that "destination of the communication" means "a called party's equipment to which a communication is routed"].) The text also fails to support the assertion that the patent association is based on the identity of the call recipient. |
| Chapter 5 – The '995 Patent – Figure 1 (PDF p. 29) | Audio states, "In the next element, the audio message is then sent to the source of | Objection: Misleading and out of context. The visual presentation highlights the entire limitation, but the audio only recites part of the requirements. The claim limitation actually has |

| Location in Plaintiff Tutorial | Items for Objection or Comment | Defendants' Response |
|---|---|---|
| | the call, the destination, or both." | <u>two</u> requirements: "send the selected audio message to the source of the communication, the destination of the communication, or both, such that the audio message can be played to the source, the destination, or both, before the destination responds to the communication"<br><br>The audio leaves out the second requirement: "such that the audio message can be played to the source, the destination, or both, before the destination responds to the communication."<br><br>It is not sufficient to send the message to the source or the destination or both, the processor must be configured such that the message can be played to the source, the destination or both. By ignoring that the processor must be able to perform any of these options, the tutorial improperly reads claim language out of the claim. |
| Chapter 5 – The '995 Patent – Figure 1 (PDF pp. 35-36) | Showing the audio file named "AudioFile.mp3" associated with phone numbers that the audio represents are related to the source and destination. | The audio properly notes that certain claims require that different audio messages be sent to the source and destination. However, in illustrating that point, the visual presentation improperly shows the same audio file ("AudioFile.mp3") being associated with both phone numbers. In fact, for the visual presentation to accurately reflect the audio representation, the file names should be different in the table. |

01:13985037.1

5

Dated: August 7, 2013

SEITZ ROSS ARONSTRAM & MORITZ LLP

/s/ Benjamin J. Schladweiler
Collins J. Seitz Jr. (#2237)
David E. Ross (#5228)
Benjamin J. Schladweiler (#4601)
100 S. West Street, Suite 400
Wilmington, DE 19801
(302) 576-1600
cseitz@seitzross.com
dross@seitzross.com
bschladweiler@seitzross.com

*Attorneys for Defendants Cellco Partnership d/b/a Verizon Wireless and Alltel Corporation*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jeremy A. Tigan
Mary B. Graham (#2256)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mbgefiling@mnat.com
jtigan@mnat.com

*Attorneys for Defendants Cricket Communications, Inc., Leap Wireless International, Inc., United States Cellular Corporation, Livewire Mobile, Inc., and ZED USA Corp.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jennifer Ying
Karen Jacobs Louden (#2881)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
klouden@mnat.com
jying@mnat.com

*Attorneys for Defendants Sprint Nextel Corporation, Boost Mobile, LLC, Virgin Mobile USA, Inc., and Virgin Mobile USA, L.P.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Anne Shea Gaza
Anne Shea Gaza (#4093)
James L. Higgins (#5021)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
jhiggins@ycst.com

*Attorneys for Defendant T-Mobile USA, Inc. and Defendants T-Mobile USA, Inc. (formerly MetroPCS Wireless, Inc.) and T-Mobile US, Inc. (formerly MetroPCS Communications, Inc.)*

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2013, I caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to counsel of record, and served true and correct copies on the following counsel as indicated:

**VIA ELECTRONIC MAIL**
Stamatios Stamoulis
Richard C. Weinblatt
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
stamoulis@swdelaw.com
weinblatt@swdelaw.com

**VIA ELECTRONIC MAIL**
W. Bryan Farney
Steven R. Daniels
Melissa Vanessah Melton
Brett I. Johnson
FARNEY DANIELS LLP
800 S. Austin Avenue, Suite 200
Georgetown, TX  78626
bfarney@farneydaniels.com
sdaniels@farneydaniels.com
mmelton@farneydaniels.com
bijohnson@farneydaniels.com

**VIA ELECTRONIC MAIL**
Timothy Devlin
FARNEY DANIELS PC
1220 Market Street
Suite 850
Wilmington, DE 19801
(302) 300-4626
tdevlin@farneydaniels.com

/s/ *Anne Shea Gaza*
Anne Shea Gaza (#4093)
agaza@ycst.com